*E-FILED - 2/910*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD R. DEBOSE, JR., | ) | No. C 09-5998 RMW (PR) |
| | ) | |
| Plaintiff, | ) | PARTIAL DISMISSAL |
| | ) | ORDER; ORDER OF |
| v. | ) | SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| FORMER WARDEN ROBERT AYERS, et | ) | DISPOSITIVE MOTION OR |
| al., | ) | NOTICE REGARDING SUCH |
| | ) | MOTION |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of San Quentin State Prison, where plaintiff's allegations occurred.   Plaintiff is granted leave to proceed in forma pauperis in a separate order.  The court will dismiss several claims and orders service of the cognizable claim on the named defendants.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at §

1  1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica
2  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

3         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
4  elements:  (1) that a right secured by the Constitution or laws of the United States was violated,
5  and (2) that the alleged deprivation was committed by a person acting under the color of state
6  law.  West v. Atkins, 487 U.S. 42, 48 (1988).
7  B.     Plaintiff's Claims

8         Plaintiff alleges that on May 15, 2008, he was being transported in a San Quentin
9  prisoner transport vehicle when it was involved in a car accident.  Plaintiff asserts that
10 defendants are conspiring to cover up their intentional acts to conceal plaintiff's injuries and
11 medical needs.  In essence, plaintiff argues that after the accident, defendants attempted to cover
12 up their negligence in failing to strap plaintiff into a seat belt and denied him proper medical
13 treatment.

14        As grounds for relief, plaintiff asserts a violation of civil conspiracy, deliberate
15 indifference to serious medical needs, and retaliation.

16        1.     Civil conspiracy

17        Plaintiff's complaint claims that defendants violated 42 U.S.C. § 1985(2)(3).  However,
18 there is no such statute.  The first clause of section 1985(2) provides a cause of action for
19 conspiracy to obstruct justice in the federal courts or to intimidate a party, witness or juror in
20 connection therewith.  As alleged, plaintiff's factual assertions are not sufficient to state a claim
21 under this clause.  The second clause of section 1985(2) provides a cause of action for
22 conspiracy to obstruct justice in the state courts "with intent to deny to any citizen the equal
23 protection of the laws." 42 U.S.C. § 1985(2).  An allegation of racial or class-based animus is an
24 essential requirement of a claim under this clause.  See Bretz v. Kelman, 773 F.2d 1026, 1028-9
25 (9th Cir. 1985) (en banc).  Plaintiff makes no such allegation.  42 U.S.C. § 1985(3) provides a
26 cause of action against state or private conspiracies.  See Griffin v. Breckenridge, 403 U.S. 88,
27 101-02 (1971).  A cause of action under § 1985(3) also requires a showing of some racial or
28

1   class-based discrimination, see Kush v. Rutledge, 460 U.S. 719, 724-26 (1983), of which

2   plaintiff does not allege.

3       While district courts must afford pro se prisoner litigants an opportunity to amend to

4   correct any deficiency in their complaints, see Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir.

5   2000) (en banc), a pro se complaint "may be dismissed for failure to state a claim only where it

6   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

7   would entitle him to relief." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations

8   and internal quotations omitted).  Here, even liberally construed, under the circumstances

9   alleged, plaintiff has not alleged facts sufficient to entitle him to relief for a civil conspiracy

10  violation.  As a result, the court concludes that leave to amend would be futile.

11      Accordingly, this claim is DISMISSED without leave to amend.

12          2.   Deliberate indifference to serious medical needs

13      Deliberate indifference to serious medical needs violates the Eighth Amendment's

14  proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104

15  (1976).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial

16  risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.

17  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of

18  facts from which the inference could be drawn that a substantial risk of serious harm exists," but

19  he "must also draw the inference." Id.  If a prison official should have been aware of the risk,

20  but was not, then the official has not violated the Eighth Amendment, no matter how severe the

21  risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

22      Liberally construed, plaintiff states a cognizable claim that prison officials were

23  deliberately indifferent to his serious medical needs.  The court will order service of the

24  complaint based on this cognizable claim.

25          3.   Retaliation

26      A claim may be stated under § 1983 where a plaintiff alleges retaliation by state actors

27  for the exercise of his First Amendment rights.  See Mt. Healthy City Bd. of Educ. v. Doyle, 429

28

U.S. 274, 283-84 (1977).  The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts.  See id. at 287.  Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights.  See Perry v. Sindermann, 408 U.S. 593, 597 (1972).

In his complaint, plaintiff makes no allegation that he was engaging in any protected activity, nor that defendants retaliated against him for any First Amendment conduct.  Even liberally construed, under the circumstances alleged, plaintiff has not alleged facts sufficient to entitle him to relief for a claim of retaliation.  See Weilburg, 488 F.3d at 1205.  Because leave to amend would be futile, the court DISMISSES this claim without leave to amend.

## CONCLUSION

1.      Plaintiff's civil conspiracy claim and retaliation claim are DISMISSED without leave to amend.

2.      The clerk of the court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy of this order upon: FORMER WARDEN ROBERT AYERS, P. CRERAR, D. SELLHAN, SERGEANT D. LEE, SERGEANT A. CHU, LIEUTENANT E. EVANS, DOCTOR D. LEIGHTON, DOCTOR GRANT, and N. GRANNIS in SAN QUENTIN, CALIFORNIA and ASSOCIATE WARDEN CAPTAIN ROBERT FOX at CALIFORNIA STATE PRISON - SOLANO.  The clerk shall also mail a courtesy copy of this order and the complaint, with all attachments thereto, to the **California Attorney General's Office**.

3.      No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim of deliberate indifference to serious medical needs in the complaint as set forth above, or notify the court that they are of the opinion that this case cannot be resolved by such a motion.

a.      If defendants elect to file a motion to dismiss on the grounds that plaintiff

Partial Dismissal Order; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\DeBose998srv.wpd          4

1    failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

2    defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315

3    F.3d 1108, 1119-20 (9th Cir. 2003).

4              b.      Any motion for summary judgment shall be supported by adequate factual

5    documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

6    Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**

7    **<u>qualified immunity found, if material facts are in dispute.  If any defendant is of the</u>**

8    **<u>opinion that this case cannot be resolved by summary judgment, he shall so inform the</u>**

9    **<u>court prior to the date the summary judgment motion is due.</u>**

10          4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and

11    served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

12              a.      In the event defendants file an unenumerated motion to dismiss under

13    Rule 12(b), plaintiff is hereby cautioned as follows:[1]

14              The defendants have made a motion to dismiss pursuant to Rule 12(b) of
         the Federal Rules of Civil Procedure, on the ground you have not exhausted your
15       administrative remedies.  The motion will, if granted, result in the dismissal of
         your case.  When a party you are suing makes a motion to dismiss for failure to
16       exhaust, and that motion is properly supported by declarations (or other sworn
         testimony) and/or documents, you may not simply rely on what your complaint
17       says.  Instead, you must set out specific facts in declarations, depositions, answers
         to interrogatories, or documents, that contradict the facts shown in the defendant's
18       declarations and documents and show that you have in fact exhausted your
         claims.  If you do not submit your own evidence in opposition, the motion to
19       dismiss, if appropriate, may be granted and the case dismissed.

20              b.      In the event defendants file a motion for summary judgment, the

21    Ninth Circuit has held that the following notice should be given to plaintiffs:

22              The defendants have made a motion for summary  judgment by which
         they seek to have your case dismissed.  A motion for summary judgment under
23       Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

24              Rule 56 tells you what you must do in order to oppose a motion for
         summary judgment.  Generally, summary judgment must be granted when there is
25       no genuine issue of material fact--that is,  if there is no real dispute about any fact

26    _____

27       [1]The following notice is adapted from the summary judgment notice to be given to pro se
      prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u>
28    <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to

1  matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1).

2  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

3  cumulative or duplicative, or is obtainable from some other source that is more convenient, less

4  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

5  discovery in the action to obtain the information sought; or (iii) the burden or expense of the

6  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  In order to comply

7  with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it

8  to his benefit to wait until defendants have filed a dispositive motion which could include some

9  or all of the discovery plaintiff might seek.  In addition, no motion to compel will be considered

10  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local

11  Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer

12  with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a

13  motion to compel he must send a letter to defendants to that effect, offering them one last

14  opportunity to provide him with the sought-after information.

15         9.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

16  and all parties informed of any change of address and must comply with the court's orders in a

17  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

18  pursuant to Federal Rule of Civil Procedure 41(b).

19         IT IS SO ORDERED.

20  DATED: _____2/8/10_____

21                                             RONALD M. WHYTE
                                               United States District Judge

22

23

24

25

26

27

28