*E-FILED - 1/27/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. DEBOSE, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FORMER WARDEN ROBERT AYERS, et ) <br> al., ) <br> ) <br> Defendants. ) <br> ) | No. C 09-5998 RMW (PR) <br><br> ORDER DENYING APPOINTMENT OF OFFICER; GRANTING MOTION FOR EXTENSION OF TIME |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of San Quentin State Prison, where plaintiff's allegations occurred. Plaintiff requests that the court appoint a person before whom depositions of non-parties may be taken, pursuant to Federal Rule of Civil Procedure 28(a).

The district court has broad discretionary powers to control discovery. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Rule 30 of the Federal Rules of Civil Procedure requires that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "The party who notices the deposition must state in the notice the method for recording the testimony." Fed. R. Civ. P. 30(b)(3)(A). That party must also arrange for an officer to conduct the depositions. Fed. R. Civ. P. 30(b)(5)(A). Plaintiff does not indicate that he ever noticed these non-parties' depositions.

1 | Further, upon a showing of good cause, the court may deny or limit the manner, method or means of discovery where justice so requires. See Fed. R. Civ. P. 26(c). Although plaintiff is entitled to engage in discovery, he is also incarcerated. The court finds that plaintiff's right to discovery can be accommodated. Federal Rule of Civil Procedure 28 provides that a deposition must be taken before "an officer authorized to administer oaths" or "a person appointed by the court." Further, Federal Rule of Civil Procedure 28(c) states "[a] deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action." Rule 29 expressly states that the parties may stipulate to having a deposition taken "before any person, at any time or place, on any notice, and in the manner specified." Fed. R. Civ. P. 29(a). Similarly, Rule 30(b)(5) allows the parties to stipulate to arrangements regarding the use of an officer to conduct the deposition. Therefore, while defendants may ultimately refuse to a stipulate to arrangements for depositions of non-parties, the court directs defendants to make some effort to resolve the dispute with plaintiff first. Accordingly, plaintiff's request for this court to appoint an officer for purposes of conducting oral depositions is DENIED without prejudice.

Plaintiff also requests an extension of time in which to file his opposition to defendants' motion for summary judgment. Plaintiff's motion is GRANTED. No later than **February 14, 2011**, plaintiff shall file his opposition. Defendants shall file their reply **fifteen days** thereafter.

IT IS SO ORDERED.

DATED: 1/25/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge